UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VALERIE DEREMIAH, an individual,
and JAREN DEREMIAH, a minor, by
and through his mother and next
friend, VALERIE DEREMIAH,

    Plaintiffs,

v.                                             Case No:   3:14-cv-327-J-32MCR

BALFOUR BEATTY COMMUNITIES,
LLC,

    Defendant.

**O R D E R**

Balfour Beatty Communities, LLC removed this case, asserting that this Court has jurisdiction under the federal enclave doctrine. (Doc. 1). The Deremiahs filed a motion to remand (Doc. 6), Balfour responded (Doc. 7), and the Deremiahs filed a reply (Doc. 12).

Congress has the power to "exercise exclusive [l]egislation . . . over all [p]laces purchased by the [c]onsent of the [l]egislature of the [s]tate in which the [s]ame shall be, for the [e]rection of [f]orts . . . and other needful [b]uildings." U.S. CONST. art. I, § 8, cl. 17. Accordingly, the United States has exclusive legislative jurisdiction over lands, known as federal enclaves, acquired for such certain uses, "unless the deed of cession provides to the contrary or unless the cession is not accepted in the manner required by law." Lord v. Local Union No. 2088, Int'l Bhd. of Elec. Workers, AFL-CIO,

646 F.2d 1057, 1059 (5th Cir. 1981).[1] As cases arising on federal enclaves therefore arise under federal law, federal courts have original jurisdiction. 28 U.S.C. § 1331; Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998).

Though this case is a negligence action between private parties, it involves events occurring on the Naval Air Station in Jacksonville, Florida. (Doc. 2 at 2). Balfour asserts, and the Deremiahs do not dispute, that the Naval Air Station is a federal enclave. (Doc. 7 at 2). The Deed of Cession attached to Balfour's notice of removal makes it clear that the United States purchased the land with the consent of the state of Florida, for the purpose of creating the Naval Air Station. (Doc. 1 at 19). The Deed of Cession cedes exclusive jurisdiction over the land to the United States, with the exception that Florida retains concurrent jurisdiction for the purpose of issuing service of process. (Doc. 1 at 19).

Therefore, this case arises under federal law, and this Court has original jurisdiction.[2] The arguments in the Deremiahs' motion to remand are unavailing, as they do not address federal question jurisdiction under the federal enclave doctrine. (See Doc. 6). In reply, the Deremiahs focus on the language of 28 U.S.C. § 1441, which

---

[1] The decision in Lord was rendered on June 4, 1981, and is therefore binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

[2] It appears that Balfour may have failed to file his notice of removal within thirty days of receipt of service of the Deremiahs' complaint. (Doc. 6 at 1-2). However, as the Deremiahs have not asserted any procedural error in Balfour's removal, they have waived any argument as to such errors.

states that cases over which federal district courts have original jurisdiction <u>may</u> be removed. (Doc. 12 at 3). The Deremiahs therefore assert that federal courts do not have exclusive jurisdiction over cases arising on federal enclaves. (Doc. 12 at 3). Importantly, the cases that the Deremiahs cite suggest only the possibility that cases arising on federal enclaves could be tried in state court, not that they must be tried there. <u>See</u> <u>Jones v. John Crane-Houdaille, Inc.</u>, 2012 WL 1197391, at *2 (D. Md. Apr. 6, 2012) (noting in a case arising on a federal enclave that "if the defendants had not chosen to remove this case to federal court, the case could still have been properly tried in Maryland state court"). Even assuming that removal is discretionary, not mandatory, in federal enclave cases, Balfour has exercised its discretion and chosen to remove the case, over which this Court has jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. 6) is **DENIED**.

2. Plaintiff's Request for Hearing (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of June, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record